IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY M. NASH, | ) | CASE NO. 1:13CV1890 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MARGRET BRADSHAW, *Warden*, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Timothy Nash ("Petitioner" or "Nash") brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  Doc. 1.  Nash was detained at the Richland Correctional Institution, having been convicted by a Cuyahoga County, Ohio, Court of Common pleas jury of theft (Count 2), disrupting public service (Count 4), and interference with electric wires (Count 6).  Doc. 1-7, pp 1-2. [1]  *State v. Nash*, No. CR-11-556979-B (Cuyahoga Cty. Common Pleas Ct. filed August 1, 2012).  On August 6, 2012, the trial court sentenced him to 12 months in prison on both Counts 2 and 4 to be served concurrently and 6 months on Count 6, which he had already served.  Doc. 1-7, p. 1.  Since filing his Petition, Nash has been released.  Doc. 13, p. 1; Doc. 8-1, p. 1.

On August 28, 2013, Nash filed his Petition for Writ of Habeas Corpus setting forth three grounds for relief.  Doc. 1, p. 1-15.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  As set forth more fully below, Grounds One and Two are procedurally defaulted and Ground Three is non-

---

[1] Doc. page citations are to ECF Doc. page numbers.

cognizable. Thus, the undersigned recommends that Nash's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED.**

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

The following summary of underlying facts is taken from the state trial court's Findings of Facts and Conclusions of Law:

> On November 28, 2011, police responded to a possible breaking and entering of a factory. Officers arrived at the factory and noticed a minivan parked nearby. Police removed four individuals from the vehicle, including Petitioner. Police searched the surrounding area and located a transformer that was recently removed from a utility pole. The transformer cracked the sidewalk and was leaking oil. Police also identified a pulley-hoist mechanism and a conveyer belt nearby. Police recovered wire cutters, flashlights and wires from the four individuals. An employee of the Cleveland Illuminating Company, First Energy noted that the company owned the poles and transformer.

Doc. 13-2, p. 77 (internal citations to the record omitted).

## II. Procedural history

### A. Trial Court Conviction

The September 2011 term of the Cuyahoga County Grand Jury issued an indictment with five separate counts: breaking and entering, aggravated theft, vandalism, disrupting public service, possessing criminal tools, and interfering with electric wires in violation of R.C. 4933.21. Doc. 13-2, pp. 1-3. Nash pleaded not guilty. Doc. 13-2, p. 4. On December 7, 2011, Nash was charged with breaking and entering in violation of R.C. 2911.13.B, aggravated theft in violation of R.C. 2913.02.A(1), vandalism in violation of R.C. 2909.05.B(2), disrupting public service in violation of R.C. 2909.04.A(2), possessing criminal tools in violation of R.C.

2

2923.24.A, and interfering with electric wires in violation of R.C. 4933.21. Doc. 13-2, pp. 77-78. The matter proceeded to a jury trial. Doc. 13-2, p. 15. Nash represented himself and the court appointed standby counsel to be present. Doc. 13-2, p. 8. The state dismissed Count 3 and the trial court acquitted Nash on Counts 1 and 5. Doc. 13-2, pp. 15-16, 78.

On August 1, 2012, the jury found Nash guilty of Counts 2, 4, and 6 of the indictment (aggravated theft, disrupting public service, and interfering with electric wires). Doc. 13-2, pp. 16, 78. Nash was sentenced to concurrent terms of 12 months in prison for the aggravated theft and disrupting public service convictions. Doc. 13-2, p. 16. The trial court ordered that the sentence be served consecutive to Nash's sentence in Cuyahoga County Court of Common Pleas case number CR-11-553521-A.[2] Doc. 13-2, p. 16. The court also ordered Nash to be given 247 days of jail-time credit. Doc. 13-2, p. 18.

### B. Motion for Delayed Appeal

Nash did not directly appeal his conviction or sentence. Instead, on September 11, 2012, Nash, *pro se*, filed a Motion for Delayed Appeal to the Eighth District, Ohio Court of Appeals. Doc. 13-2, p. 19. The state Court of Appeals denied his motion as untimely pursuant to Ohio App. R. 4(A). Doc. 13-2, p. 29. On September 25, 2012, Nash filed a motion to consolidate the appeal of this case with his other criminal case (*State v. Nash*, No. CR-11-553521 (Cuyahoga Cty. Common Pleas Ct. filed September 9, 2011)). Doc. 13-2, p. 30. The state Court of Appeals denied his motion because it had already dismissed his appeal as untimely. Doc. 13-2, p. 30. On October 5, 2012, Nash filed a motion to reinstitute his appeal. Doc. 13-2, pp. 32-33. The state

---

[2] Case No. CR-11-553521-A was a similar case against Nash involving the theft of a transformer. *State v. Nash*, No. CR-11-553521 (Cuyahoga Cty. Common Pleas Ct. filed September 9, 2011); *State v. Nash*, 2013 WL 1385003 (Oh.Ct.App. Apr. 4, 2013). Nash was found guilty of breaking and entering, grand theft, vandalism, and possessing criminal tools. *Id*. at *1.

3

Court of Appeals denied Nash's motion. Doc. 13-2, pp. 32-33. Nash did not appeal any of these rulings to the Ohio Supreme Court. Doc. 13, p. 4, Doc. 13-2, p. 69.

### C. Post-Conviction Petition

On November 8, 2012, Nash, *pro se*, filed a post-conviction petition in the trial court and a motion for summary judgment. Doc. 13-2, pp. 34-41. Nash argued that: (1) the police violated his due process rights by offering perjured testimony and filing a false complaint; and (2) the state violated federal and state constitutions, and state law, by not allowing him to be personally present at certain pretrial proceedings. Doc. 13-2, pp. 39-41. The State of Ohio filed a motion for summary judgment on May 20, 2013. Doc. 13-2, p. 69. On May 23, 2013, the trial court granted the state's motion for summary judgment, denied Nash's motion for summary judgment, and denied his petition for post-conviction relief. Doc. 13-2, p. 78. The trial court found that Nash's claims were barred by *res judicata* because his claims could have been raised on direct appeal. Doc. 13-2, pp. 78-79. In the alternative, the court found that Nash failed to raise a genuine issue of material fact and did not set forth sufficient operative facts to support a cognizable claim of constitutional error. Doc. 13-2, p. 79. Nash moved the trial court for relief from its post-conviction decision. Doc. 13-2, p. 87. He did not appeal the trial court's ruling. Doc. 13-2, p. 87.

### D. State Habeas Corpus

On October 31, 2012, Nash filed a state habeas corpus complaint in the Ohio Supreme Court for both the instant case and his other conviction.[3] Doc. 13-2, pp. 89-91. He raised two grounds in his complaint: (1) the police falsified the complaint that led to his arrest; and (2) he was denied the right to be present for certain pretrial proceedings. Doc. 13-2, p. 89. On January

---

[3] *State v. Nash*, No. CR-11-553521 (Cuyahoga Cty. Common Pleas Ct. filed September 9, 2011).

23, 2013, the Ohio Supreme Court *sua sponte* dismissed Nash's state habeas action. Doc. 13-2, p. 133.

### E. Federal Habeas Corpus

On August 28, 2013, Nash filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. He listed the following grounds for relief:

> **Ground One:** Per U.S. Amend 4 and 14, the writ shall issue where police filed a false complaint/affidavit and went before the (public) grand jury with false or no evidence and perjured testimony for all counts: Mooney v. Holohan, 55 S. Ct. 540.
>
>> **Supporting Facts:** The lack of evidence or evidence that does not exist warrant an investigation of documents hereto, when police filed a sham legal document or affidavit/complaint and went before the public or grand jury with it for issuance of six (6) charges based upon false evidence and testimony; see affidavit/complaint attached; motion of December 27, 2011.
>
> **Ground Two:** Per 28 USC 1654; Amend 6; Article 1 Section 10, Crim. R. 43, the Plaintiff, as my own defense attorney since October 17, 2011, has all rights to appear and defend in person and attend all stages of proceedings: Plaintiff as my own defense counsel by motion since October 17, 2011, had every constitutional and statutory right to be in all open court proceedings but was not; in fact and evidence hereto attached, Plaintiff was not in open court proceedings from December 14, 2011, to March 1, 2012, by trial court order: for Plaintiff, as my own defense counsel I was denied all trial rights in both case 553521 and 556979.
>
> **Ground Three**: Denied release by the Dept. of Rehabilitation and Corrections (DRC) by withholding jail time credit per court order by 2967.191.
>
>> **Supporting Facts:** Attached hereto is the journal entry of convictions with a jail time credit of 247 days; the DRC credited plaintiff with ten (10) days not 247 days even after notification of error; thus, such action by the DRC alters, correct supposed errors, omissions or defects in the journal entry and/or legislators instrument which makes void the legislative commands of 2977.191, and trial court order though by constitutional laws no one has the power to alter, correct supposed errors, omissions, or defects in legislation except the state general assembly per O Cost. Art 1 Sec 18; R.C. 147; see journal entry filed May 23, 2013.

Doc. 1, pp. 5-9.

On June 6, 2014, respondent filed a Return of Writ. Doc. 13. Respondent argues that Ground One is non-cognizable and procedurally defaulted, Ground Two is procedurally defaulted, and Ground Three is non-cognizable. Doc. 13, pp. 7-15.

### III. Law

#### A. Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to Nash's habeas petition because he filed it after the effective date of the AEDPA. 28 U.S.C. § 2254; *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Under the AEDPA, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id*.

**Procedural Default.** Procedural default may occur in two ways. *Id*. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether

6

petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted[,]" citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

### IV. Claim Analysis

A. Claims Overview

Nash sets forth three grounds for relief in his petition. Doc. 1, pp. 5-9. Respondent argues that Ground One is non-cognizable and procedurally defaulted, Ground Two is

procedurally defaulted, and Ground Three is non-cognizable. For the reasons that follow, the undersigned concludes that Grounds One and Two are procedurally defaulted and Ground Three is non-cognizable.

### B. Grounds One and Two are Procedurally Defaulted

Respondent asserts that Nash's allegations—that he was charged by police in a false complaint (Ground One) and that he was denied his right as a defendant representing himself to be personally present at certain pre-trial proceedings (Ground Two)—were never fairly presented to the Ohio courts. Doc. 13, p. 12. Nash did not timely appeal his trial court conviction to the Ohio Court of Appeals. He filed a motion for delayed appeal, which the state Court of Appeals denied. Doc. 13-2, p. 19. He never appealed the state Court of Appeals' decision to the Ohio Supreme Court. Nash's failure to timely appeal his trial court conviction and his failure to appeal the state Court of Appeals' decision denying his delayed appeal constitutes a procedural default because Nash failed to pursue his claim through the state's ordinary appellate review procedures.[4] *See Williams*, 460 F.3d at 806 (a petitioner procedurally defaults a claim when he fails to raise a claim in state court and pursue that claim through the state's ordinary appellate review procedures).

Nash raised Grounds One and Two for the first time in his state post-conviction petition filed with the trial court. Doc. 13-2, pp. 35-36. The trial court found these claims were barred by *res judicata* because they were based on the trial court record and could have been raised on direct appeal. Doc. 13-2, p. 78. As noted, Nash did not file a direct appeal. "Ohio's doctrine of *res judicata* . . . provides in relevant part that a final judgment of conviction bars a convicted

---

[4] Nash raised the claims in Grounds One and Two in his state habeas petition filed as an original action in the Ohio Supreme Court. Doc. 13-2, pp. 89-91. This does not save these claims from procedural default. A petitioner cannot obtain state habeas relief for a claim when, as is the case here, he "had an adequate remedy in the ordinary course of the law." *Bevins v. Richard*, —N.E.3d—, 2015 WL 4298185, at *1 (Ohio July 16, 2015) ("Habeas Corpus is not a substitute for appeal or postconviction relief.").

8

defendant from raising in any proceeding, except an appeal from that judgment, any issue that was raised, or could have been raised, at trial or on appeal from that judgment." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004) (citing *State v. Perry*, 10 Ohio St.2d 175 (1967)). *Res judicata* is an adequate and independent state ground for precluding federal habeas review. *Id.* at 967-968; *see also Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994)) (holding that *res judicata* precludes post-conviction relief to address constitutional claims that could have been raised on direct appeal from the conviction and sentence).

Applying the *Maupin* factors, the undersigned finds that Nash is precluded from asserting Grounds One and Two based on the doctrine of *res judicata*. First, a state procedural rule applies to Nash's claims and he failed to comply with that rule. *See Williams*, 380 F.3d at 967 (Ohio's doctrine of *res judicata* bars a defendant from raising an issue in a later proceeding that could have been raised at trial or on appeal). Second, the trial court enforced the procedural rule when it denied Nash's post-conviction petition based on the doctrine of *res judicata*. Doc. 13-2, p. 78-79. Third, Ohio's *res judicata* doctrine is an adequate and independent state ground on which the state can foreclose review. *Williams*, 380 F.3d at 967. Fourth, Nash does not assert cause for his failure to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *See Maupin*, 785 F.2d at 138.

In sum, Nash has procedurally defaulted Grounds One and Two because he failed to pursue his claims through the ordinary appellate review procedure. He may no longer pursue his claims because he is barred by the doctrine of *res judicata*.

**C. Ground Three is non-cognizable**

In Ground Three, Nash challenges the state's failure to give him jail time credit under Ohio law. Doc. 1, pp. 8-9. This claim is not cognizable as it is not the province of a federal

9

habeas court to reexamine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Fuller v. Bradshaw*, 2008 WL 1970276, at *1 (N.D. Oh. May 7, 2008). "The interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Howard v. White*, 76 Fed.Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhard*, 925 F.2d 1095, 1097 (8th Cir. 1991)); *McGrath v. Clipper*, 2012 WL 8677220, at *20 (N.D. Oh. Nov. 1, 2012) (A state court's misapplication, or proper application, of the state's sentencing statutes is not cognizable in federal habeas proceedings). Consequentially, Ground Three of Nash's petition is non-cognizable.

In the alternative, even if Ground Three would have been cognizable in federal habeas proceedings, the claim is now moot as a result of Nash's release from prison. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 330 (2006) (writ of mandamus seeking proper application of jail-time credit declared moot because the sentence had expired and petitioner had been released from prison already); *State v. Feagin*, 2013 WL 1874845, at * 2 (Ohio Ct. App. May 3, 2013) (citing *State ex rel. Gordon*, 112 Ohio St.3d 329 (Ohio 2006)); *see also Patterson v. Smith*, 2011 WL 2144561, at *2 (N.D. Oh. May 31, 2011) (federal habeas petition challenging the calculation of jail time credit when the prison term has already been served is moot).

### IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Petitioner's Habeas Corpus Petition be **DISMISSED** because Grounds One and Two are procedurally defaulted and Ground Three is non-cognizable.

Dated: August 4, 2015

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).